UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALLEN JOHNSON                                              CIVIL ACTION

VERSUS                                                     NO. 08-4387

TROOPER JAY DONAVON SANDIFER                               SECTION "C" (4)
and the LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

**ORDER AND REASONS** [1]

Before the Court is a Motion to Stay pursuant to Heck v. Humphrey filed by defendants Trooper Jay Donavon Sandifer and the State of Louisiana, through the Department of Public Safety and Corrections, Office of Police (collectively "defendants"). (Rec. Doc. 6). The plaintiff, Allen Johnson, has not filed a motion opposing the Motion to Stay. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that the Motion to Stay is **GRANTED IN PART**.

**I. Factual Background**

On August 2, 2007, Johnson was arrested by Sandifer, an officer of the New Orleans Police Department. (Rec. Doc. 1, p. 1). Following the arrest, Johnson was transported to the "Orleans

---

[1] Michelle E. Durieux-Oquendo, a third-year law student at Tulane University, assisted in the preparation of this order.

Parish Lockup" and booked with violation of an ordinance of the City of New Orleans, specifically disturbing the peace by fighting. (Rec. Doc. 1, p.1; Rec. Doc. 6, p. 2). A year after his arrest, Johnson filed a petition for damages in the Civil Districtt Court for the Parish of New Orleans. (Rec. Doc. 1, p. 1). In that Petition, Johnson sought to recover damages under § 1983 for false arrest, false imprisonment, excessive force, and malicious prosecution. (Rec. Doc.6, p. 1). Johnson also pleaded state law claims for battery, false arrest, and intentional infliction of emotional distress. Id. The case was removed and on November 17, 2008 the defendants filed the Motion to Stay pursuant to Heck v. Humphrey. Id.

**II. Law and Analysis**

The defendants urge this Court to stay Johnson's complaint on the grounds that the favorable termination rule articulated in Heck v. Humphrey requires the stay of civil proceedings when a judgment in favor of a plaintiff would undermine a criminal conviction. (Rec. Doc. 6, p. 2). In this case, the court must address three issues. First, the court must determine whether Heck v. Humphrey applies to potential criminal convictions. Next, the court must determine whether, in this particular case, a favorable judgment would undermine the validity of a potential criminal conviction. Lastly, the Court must determine whether defendant's suggestion of dismissal for failure to prosecute is appropriate at this stage of the proceedings.

  A. Potential Criminal Conviction

The Supreme Court recently ruled that Heck does not preclude a criminal defendant from bringing a civil action when the criminal proceeding is pending. Wallace v. Kato, 549 U.S. 384, 392 (2007). Nevertheless, it is within the province of the Court to stay the civil proceeding pending the outcome of the criminal case. Id. The Court did not embrace an extension of Heck that would require "an action which would impugn an anticipated future conviction . . .[not] to be brought until the conviction occurs and is set aside." Id. at 393. The Court reasoned that such an extension of Heck would require either a court or a plaintiff "to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn the verdict." Id. Furthermore, the Supreme Court noted that §1983 actions sometimes accrue before the setting aside of the related criminal conviction as such the criminal defendant must bring suit to avoid the application of the statute of limitations. Kato, 549 U.S. at 396. The Court held that "the statute of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begin to run at the time the claimant becomes detained pursuant to legal process." Id. As such, those causes of action that do not invalidate or call into question the validity of a judgment may be adjudicated. See Id.

B. Causes of Action

To decide whether to stay or dismiss the causes of action asserted by Johnson, this Court must determine "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of this conviction or sentence." Heck, 512 U.S. at 487. The Supreme Court's holdings in Heck and

Kato allow this Court to stay all § 1983 causes of action that would undermine a potential criminal judgment. Id. Johnson brought causes of action under § 1983 for false arrest, malicious prosecution, false imprisonment, and excessive force. (Rec. Doc. 6, p. 1).

*1. Excessive Force*

To succeed on a § 1983 claim of excessive force, Johnson must prove that the officer's use of deadly force was not objectively reasonable under the circumstances. Connors v. Graves, 538 F.3d 373, 377 (5th Cir. 2008); citing Graham v. Connors, 490 U.S. 386, 395-97 (1989). The Fifth Circuit Court of Appeals has held that Heck bars an excessive force claim "where officers acted pursuant to similar statutory authority authorizing the use of deadly force." Id.

Louisiana has conferred on police offers the authority to use force. Specifically, section 14:19 (A) permits "[t]he use of force upon the person of another . . . when committed for the purpose of preventing a forcible offense against . . . [another] person." LA. REV. STAT. ANN. § 14:19(A). A finding that the officer engaged in excessive force, force beyond that permitted by statute, could mean that Johnson did not violate § 14:103 by engaging in a "fistic encounter," Thus, Johnson's claim of excessive force could directly undermine his criminal conviction, if in fact he is convicted. Accordingly, this cause of action must be stayed.

*2. False Arrest and False Imprisonment*

To state a cause of action for false arrest and imprisonment under §1983, Johnson has to establish that his arrest was not supported by probable cause. Cabrera v. City of Huntington Park, 159 F.3d 374, 380 ( 9th Cir. 1998). In Cabrera, the court concluded that where the grounds for arrest

4

were based on police officers witnessing the plaintiff's challenge to fight, a finding that the officers lacked probable cause would imply the "conviction for disturbing the peace was invalid." Id. at 380. The Ninth Circuit concluded that a claim for false arrest and imprisonment, under these circumstances, was barred by Heck. Id.

The circuit courts have consistently noted that there are circumstances in which false arrest claims would not challenge the validity of a conviction. Cano v. Bexar County Texas, No. 07-50921, 2008 WL 2329203 at *4 (5th Cir. June 4, 2008); Cabrera, 159 F.3d at 380; Mackey v. Dickinson, 47 F.3d 744, 746 (5th Cir. 1995). In Mackey, the court concluded that whether a claim of false arrest challenged the validity of a conviction turned on the evidence submitted at trial. Mackey, 47 F.3d at 746. For instance, if the criminal defendant is

> tried and convicted and in his contested criminal case no evidence is presented resulting directly or indirectly from any of his arrests, it is difficult to see how any illegality in any of his arrest could be inconsistent with his conviction. On the other hand, if he is convicted and evidence is presented by the prosecution at his criminal trial which is a direct or indirect product of one or more of his arrest, then his section 1983 damage claims challenging the validity of his arrests would appear to undermine the validity of his conviction and hence be barred by Heck. Id.

Analogously, Johnson has not been tried and the evidence to be used at trial has not been produced. The Court cannot make a determination as to whether this cause of action will challenge the validity of the conviction. As in Mackey, it would be premature to determine whether the claims are barred by Heck, as such, the court will stay determination of these charges. Id. at 746.

*3. Malicious Prosecution*

In Louisiana to prevail in a cause of action for malicious prosecution the plaintiff has to prove

> [t]he commencement or continuance of an original criminal or civil law judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding: (5) the presence of malice therein; and (6) damage conforming the legal standards resulting to plaintiff.

Melius v. Keiffer, 980 So.2d 167, 173 (La. Ct. App. 4th Cir. 2008). However, to obtain relief for this tort under § 1983, the claim must be anchored to the Constitution. Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003) (noting "that no such freestanding constitutional right to be free from malicious prosecution exists"). Here, because elements of malicious prosecution call into question the prosecutor's finding of probable cause, this Court need not determine whether Johnson's malicious prosecution claim is indeed anchored to the Constitution. Under Heck, it is enough that a claim challenge the validity of the potential criminal judgment for the court to stay proceedings. Heck, 512 U.S. at 487. A finding that prosecutor's lacked probable cause to address this claim, would directly undermine a criminal judgement. DeLeon v. City of Corpus Christi, 488 F.3d 649, 655 (5th Cir. 2007). Therefore, this claim is stayed pending resolution of criminal case.

*4. Intentional Torts: battery and intentional infliction of emotional distress*

Johnson asserts supplemental state law claims for battery and intentional infliction of emotional distress. In the present case, the court has decided to stay the § 1983 claims. Therefore, in the interest of judicial efficiency the Court will also stay these state law claims.

6

C. Failure to Prosecute

Last, the defendants ask the Court to order the plaintiff to appear before the Municipal Court and to dismiss his complaint for failure to prosecute if he does not appear as ordered. It is unnecessary for this Court to decide whether this Court even has the authority to order proceedings in a Municipal Court. Although Johnson has not filed an opposition to the government's motion, the Court is reluctant to dismiss the present case because the statute of limitations may limit the plaintiff's ability to bring the claims at a later time. Therefore, the Court will stay this action until June 1, 2009, at which point, and no later than the June 15, 2009, the parties shall brief the Court regarding the progress of the criminal case.

## **III. Conclusion**

For the reasons stated above,

**IT IS ORDERED that the defendants' Motion to Stay is GRANTED IN PART (Rec. Doc. 6). This action shall be deemed STAYED until June 1, 2009.**

**IT IS FURTHER ORDERED that each party shall brief the Court regarding progress of the criminal case no later than June 15, 2009.**

New Orleans, Louisiana, this 26th day of March 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE